Peter CONWAY, Plaintiff,

v.

**HERCULES INCORPORATED,
a Delaware corporation,
Defendant.**

**Civ. A. No. 92–207 MMS.**

United States District Court,
D. Delaware.

Sept. 27, 1993.

---

Brian P. Glancy, of Schlusser, Reiver, Hughes & Sisk, Wilmington, DE, for plaintiff.

James F. Maher, New Castle, DE, for defendant.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

### I. INTRODUCTION

Presently before the Court in this age discrimination case are the briefs of both parties on issues raised *sua sponte* during a pretrial conference. For the reasons which follow, the Court holds the burden of proving entitlement to front pay will be on plaintiff,

the burden of proving failure to mitigate damages will be on defendant, and evidence of plaintiff's unemployment compensation will not be admissible to set off his recovery.

## II. FACTUAL BACKGROUND

Defendant, a Delaware corporation, is engaged in the chemical business and has its principal offices in Wilmington, Delaware. D.I. 1 at 2. In approximately December of 1990, Hercules announced it would be reducing its work force in the Wilmington area by 475 employees. *Id.* Conway alleges that in preparation for that reduction, Hercules gave all employees over the age of forty the option of early retirement. *Id.* Conway further maintains that during seminars conducted to apprise such employees of their options, Hercules made it clear that those refusing early retirement risked being laid off as part of a reduction in force. *Id.* Conway refused early retirement. *Id.*

On or about February 5, 1991, Hercules notified Conway that his employment was terminated effective February 28, 1991. *Id.* at 3. At the time of his termination, Conway was a fifty-three-year-old salaried employee in the position of Assistant Manager of the Hercules Country Club. He had been with Hercules for nearly twenty-one years and asserts he would have worked approximately twelve more years, until age sixty-five. D.I. 1 at 2, 3.

According to Conway, within weeks after his termination, Hercules replaced him with an outside employee who was approximately twenty years younger. D.I. 1 at 3. Hercules denies any such replacement. D.I. 6 at 3. Conway also claims that during the reduction in force, workers under forty years of age were treated more favorably than workers in the protected age group. D.I. 1 at 3.

On April 7, 1992, Conway filed suit alleging that Hercules used age as a determining factor in his termination in violation of the ADEA, 29 U.S.C. § 621 *et seq.* D.I. 1 at 4. Plaintiff requests the following relief: a de-

claratory judgment of discrimination by defendant; reinstatement; back and front pay; salary and employment benefits; negative tax effects;[1] punitive damages; interest from dates when such amounts become due; costs, including reasonable attorney's fees; and "further relief as this Court deems necessary to effectuate the purpose of the [ADEA]." D.I. 1 at 4–5. Plaintiff also alleges defendant's violations were willful, and therefore seeks liquidated damages pursuant to 29 U.S.C. § 626(b).

Defendant, by contrast, denies any discrimination and asserts plaintiff was terminated for "reasonable factors other than age," including good cause. D.I. 6 at 4. *See* 29 U.S.C. § 623(f) (listing reasonable factors). Defendant also offers several defenses as to damages. *See* D.I. 6 at 3–5. Presently at issue are two: first, that plaintiff failed to mitigate his damages; and second, that any recovery by plaintiff should be offset by money he received from any source subsequent to termination. D.I. 6 at 4; D.I. 42 at 1. A trial by jury is scheduled to begin October 4, 1993. D.I. 39 at 2.

## III. DISCUSSION

The parties have briefed two issues: first, the burden of proof on the award of front pay as it relates to plaintiff's employment after termination; and second, the admissibility of evidence of plaintiff's unemployment compensation benefits to offset his recovery. D.I. 42, 44, 45.

The first issue fairly encompasses two subissues relating to employment after plaintiff's termination. The first subissue concerns the possibility of future employment with defendant, either real or hypothetical. Specifically in dispute is which party bears the burden of proving the extent of front pay should reinstatement be inappropriate. The second subissue, by contrast, concerns future employment with other employers. Specifically in dispute is which party bears the burden of proving either the partial or total

1. The Supreme Court has recently held that back pay awards received in settlement of claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, are not excludable from gross income as "damages received ... on account of personal injuries" under § 104(a)(2) of the Internal Revenue Code. *See United States v. Burke,* — U.S. ——, ——, 112 S.Ct. 1867, 1874, 119 L.Ed.2d 34 (1992).

failure of plaintiff to mitigate his future damages by seeking other employment.[2] After discussing the nature of remedies under the statute, the Court will address each issue and subissue in turn.

### A. Remedies Under the Age Discrimination in Employment Act

Congress enacted the Age Discrimination in Employment Act to "promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). To facilitate this purpose, Congress gave the courts "jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section." 29 U.S.C. § 626(b). Not surprisingly, given the scope of the grant of jurisdiction, the federal courts have differed to some extent as to what relief is appropriate. *Compare Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 728–29 (2d Cir.1984) (granting front pay) *with Kolb v. Goldring, Inc.*, 694 F.2d 869, 874–75 n. 4 (1st Cir.1982) (denying front pay).

The Third Circuit Court of Appeals has expressed a preference for a remedy which makes plaintiffs whole, that is, back pay[3] coupled with reinstatement. *See Maxfield v. Sinclair Int'l*, 766 F.2d 788, 796 (3d Cir.1985), *cert. denied*, 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986). Reinstate-

ment, however, is not always feasible. As the appellate court noted, "[t]here may be no position available at the time of judgment or the relationship between the parties may have been so damaged by animosity that reinstatement is impracticable." *Id.* (citations omitted). Because reinstatement is an equitable remedy, the district court alone must decide whether reinstatement is appropriate. *Id.*

If the district court declines to order reinstatement, however, front pay may be awarded to make the plaintiff whole.[4] "Front pay" consists of the damages the claimant may reasonably expect to sustain after judgment is entered. Commonly defined as "future earnings,"[5] front pay may include lost wages and lost benefits. *See, e.g., Blum v. Witco Chemical Corp.*, 829 F.2d 367 (3d Cir.1987) (holding lost pension benefits recoverable as front pay). Unlike back pay, however, the award of front pay is discretionary. *Anastasio v. Schering Corp.*, 838 F.2d 701, 708 (3d Cir.1988). In this circuit, the jury has that discretion, for "[o]f course the amount of damages available as front pay is a jury question." *Maxfield*, 766 F.2d at 796. *But see Dominic v. Consolidated Edison Co.*, 822 F.2d 1249, 1257–58 (2d Cir.1987) (front pay as matter for trial judge's "equitable discretion"); *Wildman v. Lerner Stores Corp.*, 771 F.2d 605, 616 (1st Cir.1985) (same); *Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1100 (8th Cir.1982) (same).

### B. The Burden of Proving Front Pay As It Relates To Employment After Termination

#### 1. The Duration of Front Pay

Clearly, plaintiff has the burden of proving his case by a preponderance of the evidence,

---

2. The duty to mitigate applies to past, as well as future damages. Thus, the burden of proving failure to mitigate damages remains the same when seeking to offset both back pay and front pay.

3. "Back pay" consists of the damages sustained between termination and the date of trial. Under the ADEA, the award of back pay is mandatory upon a finding of age discrimination. *Anastasio v. Schering Corp.*, 838 F.2d 701, 708 (3d Cir.1988).

4. The Third Circuit Court of Appeals described the purpose of front pay as follows: "[A]n award

of front pay is appropriate where a victim of employment discrimination will experience a loss of future earnings because he or she cannot be placed in the employment position that was unlawfully denied." *Bartek v. Urban Redevelopment Auth. of Pittsburgh*, 882 F.2d 739, 747 (3d Cir.1989).

5. "Front pay" has been defined many ways. *See* Peter Janovsky, Note, *Front Pay: A Necessary Alternative to Reinstatement Under the Age Discrimination in Employment Act*, 53 Fordham L.Review 579, 582 n. 10 (1984).

including his damages. *Gelof v. Papineau,* 648 F.Supp. 912 (D.Del.1986), *aff'd in part, vacated in part on other grounds,* 829 F.2d 452 (3d Cir.1987). What the parties dispute, however, is whether plaintiff must also prove that his employment with defendant would have continued to retirement in the event he had not been terminated. Plaintiff argues the burden is on defendant to show plaintiff would not have continued to retirement, pointing to "the fundamental concept that the party asserting the truth of a particular matter has the burden of proof with respect to that matter." D.I. 44 at 6. In similarly general terms, defendant disavows that burden by highlighting the uncertainties of "contemporary conditions of large-company employment." D.I. 42 at 4.

■ In fact, however, the issue is more complicated than the parties acknowledge. By its very nature, front pay requires some speculation. As the Third Circuit Court of Appeals noted, "[w]e are aware that the speculative nature of future damages has been cited as a reason for denying such awards." *Blum,* 829 F.2d at 375. The court went on to assert, however, that " 'the problem is more imaginary than real.' " *Id.* (quoting *Koyen v. Consolidated Edison Co.,* 560 F.Supp. 1161, 1168–69 (S.D.N.Y.1983)). Plaintiff must merely prove his damages sufficiently to exclude "unreasonable speculation." [6] *Id.* at 376. The risks associated with any remaining speculation in awarding front pay are upon the employer, because those risks

" 'must be borne by the wrongdoer, not the victim.' " *Bartek v. Urban Redevelopment Auth. of Pittsburgh,* 882 F.2d 739, 746 (3d Cir.1989). *See also Baker v. Emery Worldwide,* 789 F.Supp. 667, 673 (W.D.Pa.1991) (Title VII).

■ Plaintiff, then, has the initial burden of "identifying those positions upon which an award of damages is to be based." [7] *Id.* Once plaintiff has done so, it may not be unreasonably speculative to seek front pay until retirement. Indeed, the Third Circuit Court of Appeals has held that "[i]n calculating a front pay award, the jury must consider the expected future damages caused by defendant's wrongful conduct from the date of judgment to retirement." [8] *Blum,* 829 F.2d at 374. *See also* Lisa von der Mehden, Comment, *The Role of the Jury and the Court in Assessing Front Pay Awards Under the Age Discrimination in Employment Act,* 58 U.Chi.L.Rev. 1475, 1475–76 (1991) ("An award of front pay is typically a lump sum award calculated from the date of judgment to age seventy or to normal retirement age, adjusted to reflect potential earnings in mitigation of damages, and discounted to present value" (citations omitted)).

Of course, the degree of speculation will depend on the facts of the case. [9] In *Bartek,* [10] the plaintiff was constructively discharged and his position was eliminated one year later. In considering the issue of dam-

---

6. An expert is not always necessary to prove damages without "unreasonable speculation." In *Maxfield,* for example, the plaintiff based his request for front pay solely on his prior earnings history. Plaintiff adequately proved his damages because "[t]here were no projections in earnings for which expert testimony was required." 766 F.2d at 797. *But see Kolb,* 694 F.2d at 873 (proof of future raises was too speculative without expert testimony or objective evidence of past raises).

7. The term "position" includes the duties of an employee as well as his title. To hold differently would permit an employer to escape liability merely by reassigning the duties of an unlawfully terminated employee to others holding different titles. *See Bartek,* 882 F.2d at 747 (holding that plaintiff failed to offer sufficient evidence to support a finding that "a similar position" existed after his termination).

8. Plaintiff may thus recover front pay until retirement, if not unreasonably speculative, but his recovery is necessarily subject to defendant's proof, if any, that plaintiff has failed to mitigate his future damages. *See infra.* "A plaintiff's duty to mitigate does 'serve as an effective control on unjustified damage awards.' " *Anastasio,* 838 F.2d at 709 (quoting *Maxfield,* 766 F.2d at 796).

9. As the appellate court for the Third Circuit noted, "[a] claimant's work and life expectancy are pertinent factors in calculating front pay, just as they are in assessing damages for future loss of earnings in breach of employment contract and personal injury cases." *Anastasio,* 838 F.2d at 709.

10. This case involves the denial of back pay, but the same reasoning applies to front pay. *See Bartek,* 882 F.2d at 746–47.

ages, the court held that plaintiff "proffered insufficient evidence to support a finding that a similar position existed after [defendant's] reorganization." 882 F.2d at 747. By contrast, in *Murtha v. Forest Electric Corporation,* 1992 WL 174606, 1992 U.S.Dist. LEXIS 10476, the plaintiff was constructively discharged in favor of a much younger man. Plaintiff claimed he would have worked until retirement, at age seventy-two or seventy-three, had he not been discharged from his position. The court found the jury "could reasonably have concluded ... that he really would have worked to that age if he had had the chance." *Id.* 1992 WL 174606 at *10, 1992 U.S.Dist. LEXIS 10476 at *27.

### 2. The Mitigation of Damages to Offset Front Pay

Neither party disputes that plaintiff has a duty to mitigate his damages, for such a duty is well settled.[11] *See Gelof,* 648 F.Supp. at 928 ("[t]he duty to mitigate damages 'has ancient origins ...'") (quoting *Rasimas v. Michigan Dep't of Mental Health,* 714 F.2d 614, 624 (6th Cir.1983), *cert. denied,* 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 537 (1984)). Plaintiff has breached his duty to mitigate if two conditions are present: first, if he has failed to exercise "reasonable diligence" to reduce his damages; and second, if there is a "reasonable likelihood" he would have found comparable work [12] had he exercised such diligence. *Gelof,* 648 F.Supp. at 928. "Reasonable diligence" does not mean "success." Plaintiff does not have the duty to succeed in mitigation. In fact, "[a] claimant is only required to make reasonable efforts to mitigate damages, and is not held to the highest standards of diligence." *Gelof,* 648 F.Supp. at 928.

■ Presently at issue, however, is which party has the burden of proving that plaintiff failed, in whole or in part, to mitigate his damages. Defendant asserts plaintiff must show he mitigated his damages with "reasonable diligence," D.I. 42 at 3, but in so asserting, defendant confuses the duty with the burden. The mitigation of damages is an affirmative defense. As such, the burden of proving plaintiff failed to mitigate his damages falls squarely on defendant. *Anastasio,* 838 F.2d at 707–708; *Gelof,* 648 F.Supp. at 928. *See also Robinson v. S.E. Pa. Transp. Auth., Red Arrow,* 982 F.2d 892, 897 (3d Cir.1993) (Title VII); *Baker,* 789 F.Supp. at 674 (Title VII).

■ When the facts warrant, an employer can fulfill its burden by showing that the employer itself offered an employee a job substantially equivalent to his or her former position. *Anastasio,* 838 F.2d at 708. Neither party has alleged such facts in the present case. Thus, in order to satisfy its burden, defendant must show that "other substantially equivalent positions were available to [plaintiff] *and* he failed to use reasonable diligence in attempting to secure such a position." [13] *Anastasio,* 838 F.2d at 708 (emphasis added).

### C. The Admissibility of Unemployment Compensation to Set Off Recovery

■ Finally, defendant maintains that evidence of plaintiff's unemployment compensation should be admitted to set off any recovery plaintiff may receive. Defendant con-

---

11. The ADEA does not contain an express provision governing mitigation of damages, but the Third Circuit Court of Appeals has consistently required such mitigation in ADEA cases. *See, e.g., Carden v. Westinghouse Elec. Corp.,* 850 F.2d 996, 1005 (3d Cir.1988); *Rodriguez v. Taylor,* 569 F.2d 1231, 1243 (3d Cir.1977), *cert. denied,* 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978).

12. An employee "need not go into another line of work, accept a demotion, or take a demeaning position ..." in order to mitigate damages. *Murtha,* 1992 WL 174606 at *9, 1992 U.S.Dist. LEXIS at *25 (quoting *Ford Motor Co. v. EEOC,*

458 U.S. 219, 232, 102 S.Ct. 3057, 3066, 73 L.Ed.2d 721 (1982)).

13. If defendant can show plaintiff has no legitimate reason for failing to seek other employment, yet plaintiff has made *no* effort to secure that employment, then defendant need not show there were substantially equivalent positions available. *Wooley v. Colonial Sch. Dist.,* No. 91–407 MMS, slip op. at 6–7, 1993 WL 431208 (D.Del. May 11, 1993). Evidence of the work available is "irrelevant where ... the [plaintiff] made no search for comparable interim employment." *Tubari Ltd. v. NLRB,* 959 F.2d 451, 459 (3d Cir.1992).

cedes *McDowell v. Avtex Fibers, Inc.*, 740 F.2d 214, 217 (3d Cir.1984), *vacated on other grounds*, 469 U.S. 1202, 105 S.Ct. 1159, 84 L.Ed.2d 312 (1985) is directly contrary to its position, but nevertheless asks the Court to "decline to follow the unsatisfactory logic" of the Third Circuit Court of Appeals. D.I. 42 at 7. Defendant misapprehends the nature of our judicial system. The *McDowell* doctrine governs the unemployment compensation at issue.

## IV. CONCLUSION

For the foregoing reasons, the Court holds as follows: First, plaintiff has the burden of proving, to a reasonable certainty, his entitlement to damages including front pay. As to the duration of front pay, plaintiff must identify the position or positions upon which an award of front pay is to be based. Second, defendant has the burden of proving plaintiff failed to mitigate his damages. Finally, defendant may not introduce evidence of plaintiff's unemployment compensation benefits to offset plaintiff's recovery.